UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES MARC MITCHELL,  )  | |
|     Plaintiff, ) | |
| vs. ) | No. 4:10cv000819CEJ |
| ) | |
| JOSH SHEARRER, et al., ) | |
|     Defendants. ) | |

### DEFENDANTS' TRIAL BRIEF

<u>The Lone Remaining Claim Against Officer Shearrer</u>

No one has the right to resist an arrest, even an allegedly unconstitutional one; such resistance itself creates an independent basis for a legal arrest. *Hill v. Scott*, 349 F.3d 1068 (8th Cir. 2003); *United States v. Dawdy*, 46 F.3d 1427, 1430-31 (8th Cir. 1995). (In the Eighth Circuit, a "defendant's response to even an invalid arrest or Terry stop may constitute independent grounds for arrest." *Dawdy*, at 1430-1431) See also, *Polson v. Lee's Summit*, 535 F. Supp. 555, 559-560 (W.D.Mo. 1982), for Missouri law being in accord.

The panel opinion on the interlocutory appeal in this case did not address this point. The opinion specifically left open the issues both of *de minimis* as well as nominal damages, with respect to both of which this point applies. *Mitchell v. Shearrer*, fn. 4. This Court already discussed the *de minimis* aspect of the claim against Officer Shearrer in its summary

judgment ruling. So while Officer Shearrer will do what is reasonably necessary at trial to at least preserve it, he will not belabor the point as it applies to that doctrine. But as to bringing Mr. Mitchell's claim into the sphere of nominal damages, the story is different.

At the instant Mr. Mitchell began resisting Officer Shearrer's attempt to effectuate his arrest, new grounds arose for that officer to arrest him. The law in this circuit is clear: Such resistance made the attempt to arrest from that point going forward,-- even if considered inside Mr. Mitchell's home, and even if the initial entry into the home is considered unlawful,-- to be absolutely constitutional. *United States v. Schmidt*, 403 F.3d 1009, 1016 (8th Cir. 2005). See also, *United States v. Ginn*, 2010 U.S. Dist. Lexis, 94404, *9 fn. 3 (W.D.Mo. 2010). This point will arise as the parties and Court address appropriate instructions, the (in)admissibility of evidence, and (if there is any verdict for Mr. Mitchell exceeding One Dollar) post-trial motions.

<u>The Lone Remaining Claim Against Deputy Richardet</u>

As to Deputy Richardet, Count XIV, which the Court described in its ruling on the summary judgment motion as one of unreasonably prolonging detention, is the lone remaining count. Deputy Richardet did not pursue an interlocutory appeal of the Court's ruling on that count for a number of reasons. One of those reasons was that this Court's ruling made it effectively

made it clear to him that, at trial, Deputy Richardet would be able to present evidence (not presented with the Motion for he did not know to present it), which he anticipates will be credible and undisputed, and that will exonerate him fully. That evidence will show, for example, that Deputy Richardet actually did take steps to try to determine when, if ever, Mr. Mitchell had cooled down sufficiently for completing the booking process. The evidence will prove beyond Mr. Mitchell's ability to dispute it that the length of his detention was indeed caused by circumstances well beyond Mr. Richardet's control. The evidence will show there was no ill will, deliberate indifference, or intent on Deputy Richardet's part to have Mr. Mitchell's stay prolonged one minute longer than it needed to.

  As to this claim against Deputy Richardet, by the way, the de minimis and nominal damages doctrines also come into play, though here the Court did not make a ruling that the claim is or is not de minimis.

              MARK ZOOLE & ASSOCIATES

              By /s/Mark H. Zoole
              Mark H. Zoole  #38635M
              P.O. Box 190549
              St. Louis, MO 63119
              (314) 223-0436
              zoole@sbcglobal.net

<u>Certificate Of Service</u>

The undersigned certifies that a true and correct copy of the foregoing was served upon all counsel of record, including John M. Albright of Moore, Walsh & Albright, L.L.P., 433 N. Main Street, P.O. Box 610, Poplar Bluff, MO, 63902, via the court clerk's electronic notification system, on this 13th day of June, 2014.

/s/Mark H. Zoole