IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MARC MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-819 (CEJ) |
| | ) | |
| JOSH SHEARRER, ERIC SPIKER, CLIFTON BONE AND MATT RICHARDET, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S TRIAL BRIEF

COMES NOW the Plaintiff, by and through the undersigned counsel, John M. Albright of ALBRIGHT LAW, Ltd., and for his *Trial Brief*, states as follows:

The legal foundations of the case have been settled through motions for summary judgment and an appellate opinion. See *Mitchell v. Shearrer*, 729 F.3d 1070 (8th Cir. 2013) and *Order* denying *Motions for Summary Judgment*, Doc. 69 at pp 9-15. The verdict directing jury instructions are simply the facts the judiciary has already declared are sufficient, if believed, to justify finding for the Plaintiff.

The Plaintiff will be asking for punitive damages. The Plaintiff pleads the officer's home invasion in five counts because Officer Shearrer managed to take every single right secured by the Fourth Amendment. Officer Shearrer's conduct displayed a willful contempt for the law he was sworn to uphold. While it may be convenient to conglomerate the cause of action into a single count for trial, it creates the "in for a penny, in for pound" rational, where, just as in this case, once an officer violates a

constitutional right, lumping them all together creates the perverse incentive for an officer to go whole hog, once a constitutional right has been violated.

A warrantless knock-and-talk is a consensual encounter. Officer Shearrer took the Plaintiff's right to withdrawal from the encounter.  See *United States v. Williams*, 521 F.3d 902 (8th Cir. 2008).  The officer demanded the plaintiff step outside and of course the Plaintiff had the right to remain inside his home and enjoy its protections.  See *Pace v. City of Des Moines*, 201 F.3d 1050, 1053-54 (8th Cir. 2000) (no reasonable police officer could believe he could order a suspect to remove a shirt to photograph tattoos).   When the Plaintiff refused to step outside, the Officer claimed "officer safety" and that the Plaintiff might be armed, which as the encounter involved grass cutting, is *per se* unreasonable. *Jones v. Edwards*, 770 F.2d 739 (8th Cir. 1985) (ordering the entry of judgment for Plaintiff following jury verdict for an officer finding that he could have reasonably believed that a person violating a leash law at 700 a.m. might be armed).  Indeed, throwing one's door wide open maybe viewed as implied consent for the officer to enter, so a person wishing to preserve his or her constitutional rights is required to obstruct the doorway.  See *United States v. Greer*, 607 F.3d 559 (8th Cir. 2010).  The further entry into the home to make an arrest just because the officer knew the suspect was present was a constitutional violation. *Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091 (1984).  Reaching into a home to lay hands on a suspect who can be seen is likewise unconstitutional. *Duncan v. Storie*, 869 F.2d 1100 (8th Cir. 1989).  Officer Shearrer's claim on appeal that he could arrest for resisting arrest, which was only possible after perpetrating all the previously listed

constitutional violations, is pretext and is also actionable. *Warren v. City of Lincoln, Nebraska*, 816 F.2d 1254 (8th Cir. 1987).  While not actionable, the officers on the scene and later the jail all conspired to affect an unreasonable detention of the Plaintiff, *e.g.* the denial of bail, because the Plaintiff refused to waive his constitutional rights.  Thus, since the Defendants took every single variation of the rights secured by the Fourth Amendment and then punished the Plaintiff for exercising constitutionally guaranteed rights, the jury should be instructed on punitive damages.

There might be an issue regarding 404(b) evidence.  The Plaintiff has pictures of other residences in Farmington casting grass and leaves into the road.  The Defendants claim they were simply making an arrest based on the ordinance in question encompassing leaves and grass clippings.  The pictures depicting other citizens placing grass and leaves in the road is directly related to the motive and intent of the Defendants' to punish the Plaintiff for his refusal to step outside, which is a command could not be given, and refusal to provide his social security number, which is a number law enforcement cannot demand.  See *Pace*, 201 F.3d at 1053-54 (if no reasonable officer would believe he could order a suspect to remove a shirt, then no reasonable officer would believe he could order a suspect to waive a constitutional right and then initiate an arrest for disobeying a lawful order, *e.g.* the order to waive a constitutional right); and 42 U.S.C.A. § 405(c)(2)(C)(i) through (c)(2)(E)(expressly identifying which agencies may demand and collect social security numbers).

/s/John M. Albright
John M. Albright – 44943MO

ALBRIGHT LAW, Ltd.
201A N. Main Street
Poplar Bluff, MO 63901-5146
573-712-2538
573-712-2557 fax
John@albrightlawltd.com

ATTORNEY FOR PLAINTIFF

PROOF OF SERVICE

I hereby certify that on June 15, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:  Mark Zoole, Esq., Attorney for Defendants.

/s/John M. Albright
John M. Albright